UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY OSTER,

              Plaintiff,

v.

HAROLD CLARKE, *et al*,

              Defendants.

Case No. C07-5508RJB-KLS

ORDER DENYING PLAINTIFF'S REQUEST FOR CONTINUANCE AND REQUEST FOR DEFAULT AND/OR ADDRESSES

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of two requests addressed to the Clerk, one seeking a continuance in this matter (Dkt. #34) and the other seeking to file a motion for default or, in the alternative, a motion for the Washington State Department of Corrections ("DOC") to provide the current addresses of defendants Bill Franks and Victoria Roberts (Dkt. #38). After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

A.    <u>Plaintiff's Request for a Continuance</u>

On May 27, 2008, the Court issued its pretrial order, setting forth the discovery and other pretrial deadlines in this case. (Dkt. #30). On June 18, 2008, the Court denied a request plaintiff addressed to the Clerk, seeking a telephonic hearing for the purpose of determining whether he should be appointed legal

ORDER
Page - 1

counsel in this matter. (Dkt. #33). That request was denied, because plaintiff had not properly filed it as a motion addressed to the Court. In addition, the Court informed plaintiff that any such motion should set forth the reasons for requesting appointed counsel and provide any relevant evidence, if any, in support thereof.

Despite this, on June 30, 2008, plaintiff filed another letter addressed to the Clerk, in which he now requests a continuance in this matter – with no specified end thereto other than until, he states, he can better understand what it is the Court wants him to do – because he does not understand anything stated in the pretrial order. This is why, plaintiff states, he requested the telephonic hearing to request appointment of legal counsel. He asserts the terms of the pretrial order are too complicated, and asks what he has to do get legal counsel appointed for him, or, in the alternative, asks to be directed to any legal book, form or other resource to which he can turn to help him in that regard.

Clearly, plaintiff is able to read and write, as he has been able to make himself understood through this and a number of other filings he has submitted to the Court. Apparently, though, plaintiff has chosen not to read the Court's prior order regarding his telephonic hearing request. Once again, plaintiff has not properly addressed his request for a continuance as a motion. Nevertheless, the Court shall address it as such, though deny it for the reasons set forth below. Plaintiff is warned, however, that all future requests for court action must be properly noted as motions in accordance with Federal Rule of Civil Procedure ("F. R. Civ. P.") 7 and Local Rule CR 7. Other than this request and the one addressed below, the Court will not further consider any other requests for Court action not so properly noted.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff claims he is unable to proceed with this matter because he cannot understand any of the legal terminology contained in the Court's pretrial schedule order. As noted above, however, plaintiff certainly has demonstrated no difficulty in making himself understood or in presenting his requests and

claims to the Court. That plaintiff may not understand, or fully understand, the legal terminology used by the Court, does not, as defendants point out, place him in any different situation from many, if not most, of those *pro se* prisoner plaintiffs who seek file civil rights complaints.

Rather, the standard for obtaining legal counsel at government expense is likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se*. Plaintiff has not shown the former, he certainly – again, as discussed above – has shown no difficulty in articulating his claims *pro se*, and the legal issues involved in this case are not necessarily complex. Accordingly, plaintiff has not demonstrated entitlement to appointment of legal counsel or the necessity for a continuance. As such, his motion for a continuance and, to the extent he is again making a request for appointment of legal counsel (Dkt. #34), hereby is DENIED. Plaintiff is warned that the Court will not again address any further requests for the appointment of legal counsel, unless and until he demonstrates, and presents actual evidence establishing, a change in the above circumstances warranting such appointment.

B. <u>Plaintiff's Motion for Default and/or Production of Defendants' Addresses</u>

On July 15, 2008, plaintiff submitted a letter addressed to the Clerk, in which he states he would like to file a motion for default against defendants Franks and Roberts. Plaintiff asserts both defendants are still DOC officials, and that the DOC are refusing to provide their addresses. First, as with his request for a continuance, this request was not properly filed as a motion. In addition, plaintiff's allegations to the contrary notwithstanding, he has not come forth with any evidence to show that defendants Franks and Roberts are still employees of the DOC or that the DOC is preventing him from obtaining their addresses. Such bare allegations, without more, is an insufficient basis upon which to find either defendants or the DOC acted improperly or upon which to grant a request for default.

While plaintiff may feel his hands are tied without court-appointed legal counsel, again, this does not place him in any different situation from the majority of *pro se* plaintiffs who also are incarcerated and who have no legal knowledge or training in the law. In addition, although plaintiff may be so situated, he is not prevented from attempting to pursue other avenues or contacting other outside sources to obtain the addresses of defendants Franks and Roberts. For the foregoing reasons, plaintiff's request for a motion for default (Dkt. #38) hereby is DENIED. For the same reasons, his request in the alternative for the Court to order the DOC to provide him with those two defendants' addresses is

1 DENIED as well.[1]

2     The clerk is directed to send a copy of this Order to plaintiff.

3     DATED this 24th day of July, 2008.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

---

[1] Indeed, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id. Because the DOC is not a party to this case, the Court has no power to order it to give plaintiff the requested addresses, even if the Court were inclined to grant plaintiff's request.

ORDER
Page - 4